JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-01457 MMM (SPx) | Date | November 28, 2011 |

| | |
|---|---|
| Title | *Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP v. Jaime Engler et al.* |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Superior Court for Lack of Subject Matter Jurisdiction[7]

## I. FACTUAL BACKGROUND

On August 26, 2011, plaintiff Bank of America, N.A. filed an unlawful detainer action against Jaime Engler and certain fictitious defendants in Riverside Superior Court.[1] The complaint involves a post-foreclosure eviction, and states that the amount of damages sought does not exceed $10,000.[2]

On September 13, 2011, Engler removed the action to this court.[3] In his notice of removal, Engler asserts that the court has subject matter jurisdiction because Bank of America's complaint "implicates constitutional and statutory violations including but not limited to, securities laws, fair debt collection practices, conspiracy against rights, civil rights violations and what may be

---

[1]Notice of Removal ("Removal"), Docket No. 1 (September 13, 2011), Exh. 1 ("Complaint").

[2]*Id.*

[3]Removal, ¶ 1.

discrimination which are believed to be matters within original federal jurisdiction."[4] The unlawful detainer claim, Engler asserts, is "a federal claim in disguise and is for all practical purposes a security transaction."[5] The notice of removal also suggests that the state law claims may be preempted by federal law, and that the sale of Engler's property raises unfair competition and anti-trust concerns.[6] According to Engler, the court has subject matter jurisdiction "pursuant to 28 [U.S.C. §§] 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), §§ 45(a) 1692 et seq."[7]

Engler also alleges that, contrary to the allegation in Bank of America's complaint, the amount in controversy is significantly more than $75,000, because he "has paid over $10,000.00 in costs and other fees, not including insurance and tax payments, [that h]e also made more than $69,085.00 worth of improvements to the property and [that he] made an estimated $62,000.00 in payments."[8]

On September 27, 2011, Bank of America moved to remand the case to state court.[9] Engler did not oppose the motion. The court finds the matter suitable for decision without oral argument under Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15. The December 5, 2011 hearing is therefore vacated and taken off calendar.

## II.  DISCUSSION

### A.  Defendant's Failure to File Timely Opposition

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Ca CD L.R. 7-12. As noted, Engler failed to oppose the motion to remand by the deadline set forth in the court's advance briefing order or by the deadline set in the Local Rules. Under Rule 7-12, the court could grant plaintiff's motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12,

---

[4]*Id.*, ¶ 6.

[5]*Id.*, ¶ 7.

[6]*Id.*, ¶¶ 8-9.

[7]*Id.*, ¶ 11.

[8]*Id.*, ¶ 13. The notice of removal attributes these actions to "plaintiff," but in context, it is clear that Engler is actually alleging costs incurred by himself, the defendant.

[9]Motion for Order Remanding Case to State Court Filed by Plaintiff ("Motion"), Docket No. 7 (September 27, 2011).

his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"). Nonetheless, the court reviews the merits of the motion below.

### B. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### C. Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In its complaint, Bank of America seeks restitution and an order directing Engler to deliver possession of the property to it, $138.94 a day in damages beginning August 23, 2011, and court costs.[10] Bank of America filed the action as a limited civil case, and alleged that the amount demanded did not exceed $10,000.[11] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). As evidence that the amount in controversy requirement is satisfied, Engler asserts that he paid "over $10,000.00 . . . in costs and other fees, not including insurance and tax payments, [that h]e also made more than $69,085.00 worth of improvements to the property and [that he] made an estimated $62,000.00 in payments."[12] He asserts that the fact that the amount in controversy exceeds $75,000 can be ascertained from the Trustee Deed Upon Sale attached to Bank of America's complaint, which "shows values of $555,772.65, and $205,200.00, with a 0 value in transfer costs."[13]

In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). The value of the property and the amount of money Engler has invested in improvements or tax payments is relevant is assessing the damages Bank of America seeks in the unlawful detainer action. As the complaint makes clear, it seeks to recover $138.94 per day from and after August 23, 2011. The damages, therefore, do not exceed $75,000. Because Engler has not shown to a legal certainty that the amount in controversy is more than the $10,000 Bank of America alleges in the complaint, the court does not have diversity jurisdiction to hear the action.

---

[10]Complaint at 3-4.

[11]*Id.* at 1.

[12]*Id.,* ¶ 13.

[13]*Id.*, ¶ 14.

### D. Whether the Requirements for Federal Question Jurisdiction are Met

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law causes of action. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Bank of America's complaint does not, on its face, raise a federal question. Bank of America states a single unlawful detainer claim, which falls outside federal question jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of

state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

While Engler asserts that the unlawful detainer claim is a "federal claim in disguise and is for all practical purposes a security transaction," he provides no evidence that this is the case.[14] Nor is it sufficient to speculate that "securities matters *may* be pre-empted by federal law and as such cannot be heard or litigated in the State Court."[15] "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566, and Engler's assertion about the possibility of preemption does not establish that his right to remove is certain or even likely. Engler also contends that jurisdiction exists due to a confusing array of statutes and legal principles, including that Bank of America or its predecessors made fraudulent conveyances; that the bank's activity "may implicate the lawyer witness rule;" that the bank has violated the first, ninth, and fourteenth amendments to the United States Constitution, as well as the privileges and immunities clause, and consumer protection and antitrust statutes; and that the bank is liable under 42 U.S.C. § 1983.[16] These conclusory assertions, at best, concern defenses that Engler might raise to the unlawful detainer claim or potential counterclaims. Neither defenses nor counterclaims provide a basis for federal jurisdiction. See *Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, * (C.D. Cal. Feb. 9, 2011) ("[N]either an actual nor an anticipated federal counterclaim can form a basis for removal. However, because the scope of an unlawful detainer proceeding is limited insofar as it is only a summary proceeding, cross-complaints and counterclaims are not allowed" (citation omitted)); see also *Aurora Loan Services, LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, *4 (E.D. Cal. Nov. 9, 2011) ("Even if they are premised upon federal law, plaintiff's potential defenses or counterclaims cannot provide the basis for removal jurisdiction here"); *Lemon*, 2011 WL 3204344 at *2 ("ere, Defendant's only claims in support of a federal question are raised as defenses or counterclaims. Defendant may not remove to federal court on the basis of an affirmative defense or counterclaim").

Engler also contends that removal is proper under 28 U.S.C. § 1443(1) because he cannot enforce and will be denied his civil rights in Riverside Superior Court.[17] This conclusory assertion about the state court is insufficient to establish his entitlement to remove. See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for

---

[14]*Id.*, ¶ 7.

[15]*Id.*, ¶ 8.

[16]Removal, ¶¶ 16, 22, 28.

[17]*Id.*, ¶ 31.

equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . .  This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice")).  The fact that Engler invokes 28 U.S.C. § 1443 in his notice of removal, therefore, does not demonstrate that the federal court has jurisdiction to hear this case.

### III.  CONCLUSION

For the reasons stated, the clerk is directed to remand this case to Riverside Superior Court forthwith.